UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-cv-23370-JLK

AIDE SEPULVEDA TORRES,

    Plaintiff,

v.

CARNIVAL CORPORATION,
*a foreign corporation d/b/a*
*CARNIVAL CRUISE LINES*

    Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (D.E. 43), filed June 6, 2014. The Court is fully advised on the matter.[1] Upon review of the record and careful consideration, the Court finds that the Motion should be granted.

This is a negligence action. Plaintiff was a passenger on Defendant's cruise ship on July 24, 2011 when, while disembarking the vessel "through an open passageway onto the exterior deck…[she] tripped and fell over a raised threshold that had been covered over with a mat or similar material, which obscured, disguised, or hid the raised threshold." Compl. ¶ 7. Plaintiff seeks damages for Defendant's alleged negligence in covering the raised threshold with a material, failing to properly assist Plaintiff and

---

[1] Plaintiff filed her Response to the Motion on June 27, 2014 (D.E. 56) and Defendant filed its Reply on July 10, 2014 (D.E. 63).

supervise the disembarkation produce, and failing to warn passengers of the hazard. Compl. ¶ 9.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen*, 121 F.3d at 646. If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*

On a motion for summary judgment, the Court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50. However, in reviewing the record evidence, the Court may not undertake the jury's function of weighing the evidence properly offered by the parties. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) ("[Plaintiff]'s evidence must be taken at face value, and all

2

justifiable inferences are to be drawn in his favor. Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

## II. ANALYSIS

To prove negligence, a plaintiff must show that the defendant owned the plaintiff a duty, the defendant breached that duty, and the breach caused the plaintiff's damages. *See Janssen Pharmaceutica, Inc.*, 288 F. App'x at 609; *Fla. Dep't of Corrections v. Abril*, 969 So.2d 201, 204–05 (Fla.2007). The fatal flaw in Plaintiff's case is a showing of breach. The Court will consider each of Plaintiff's theories in turn.

Although Plaintiff states that she "had no idea she would be involved in an accident, be injured and then called upon almost two-and-a-half-years later to recount every single detail leading up to the accident," it was Plaintiff who filed this lawsuit and Plaintiff carries the burden of proving her case. D.E. 56 at 11-12.

### A. Presence of Carpeting on Threshold

The evidence establishes that Plaintiff tripped when disembarking the ship. *See, e.g.*, D.E. 43-1 at 84:4-86:3. Plaintiff and her husband have testified that she tripped on the carpet. D.E. 43-1 at 85:1-2; 43-2 at 12:19-25. It does not flow from that fact that she tripped because the carpet was unreasonably dangerous.

Plaintiff's testimony reveals there is no genuine issue of material fact on this matter. Plaintiff stated that there were no objects or obstructions in her path as she walked directly to the exit and that nothing impeded her view of the carpeted area. D.E. 43-1 at 78:10-13, 82:6-9. She "didn't really pay attention" as other passengers

3

disembarked ahead of her and was not paying attention as she walked towards the subject ramp. *Id.* at 75:5-8, 82:10-14. Plaintiff was carrying only her purse on her right shoulder. *Id.* at 76:4-6.

Plaintiff points to two proposed witnesses: Kevin Rider, Ph.D. and Malcom Stark. Rider has been stricken by the Court and, thus, provides no support for Plaintiff's position. *See* D.E. 64. Stark stated that passengers sometimes trip on the thresholds and that there are stickers warning passengers of, for example, these changes in elevation or wet floors. D.E. 43-7 at 74:1-15. However, Stark also testified that no other individuals have ever fallen in the area where Plaintiff fell. *Id.* at 96:2. Further, within one minute after Plaintiff fell, Stark inspected the area and discovered no hazard present where she fell. *Id.* at 95:3-23. Plaintiff's husband, who witnessed the incident, testified that there were no rips, tears, water, or foreign substances on the carpet. D.E. 43-3 at 18:10-20. This evidence establishes that the carpet or the ramp was not unreasonably dangerous at the time Plaintiff fell. Plaintiff has not shown a genuine dispute of material fact as to any breach with regard to the carpet.

### **B. Duty to Warn**

Without a hazard, there is no failure to warn of that hazard. Given that the record evidences no dispute that there was no hazard, Plaintiff has failed to establish a genuine dispute of material fact as to Defendant's alleged failure to warn of a hazard.

In any event, the Court notes that, under Florida law, there is no duty to warn of an obvious hazard. *See Rodriguez v. New Holland North America, Inc.*, 767 So.2d 543, 544-

45 (Fla. 3d DCA 2000) (citations omitted). As stated above, Plaintiff testified that there was nothing obstructing her from seeing the carpeted area and that there were no obstructions in her path. D.E. 43-1 at 78:10-13, 82:6-9. In her Response, Plaintiff does not create a genuine issue of material fact on this issue. Accordingly, even if the ramp and carpet were deemed to be a hazard, they were an obvious hazard for which Defendant had no duty to warn.

### C. Duty to Assist Plaintiff and Supervise Disembarkation Process

There is no evidence that Defendant breached any duty in its assistance to Plaintiff or others during the disembarkation process. In fact, Plaintiff testified that she did not feel she needed any assistance in leaving the ship. D.E. 43-1 at 81:25-82:2. Plaintiff has not advanced any argument on this issue and the Court's review of the record reveals no evidence supporting breach on this theory. There is no automatic negligence on the part of a property owner simply because an individual falls on their property.

On this record, no rational fact-finder could find that Defendant was negligent. Therefore, summary judgment must be entered in favor of Defendant.

### III. CONCLUSION

Accordingly, upon a careful review of the record and the Court being fully advised on the premises, it is **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion for Summary Judgment (**D.E. 43**) be, and the same is, hereby **GRANTED**. All other pending Motions are **DENIED AS MOOT**. The Clerk **SHALL** hereby **CLOSE** this case. The Court retains jurisdiction to fix fees and costs, if any.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 22nd day of July, 2014.

<em>[signature]</em><br>
JAMES LAWRENCE KING<br>
UNITED STATES DISTRICT JUDGE<br>
SOUTHERN DISTRICT OF FLORIDA

cc:   The Honorable Edwin G. Torres

　　　All Counsel of Record